E-FILED
Thursday, 23 April, 2026  02:32:54 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN C. CRABB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No.:  26-4100-SEM-DJQ |
| | ) |
| | ) |
| WEXFORD HEALTHCARE | ) |
| SERVICES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Steven C. Crabb, proceeding *pro se,* is a civil detainee at the Illinois Department of Human Services' Treatment and Detention Facility at Rushville, Illinois ("Rushville"). Plaintiff requested leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but who are not prisoners as defined in 28 U.S.C. § 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972).

Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that he has suffered with an inguinal hernia for at least five years. Plaintiff claims that Defendant Wexford Healthcare Services ("Wexford") will not schedule him to have his hernia surgically repaired. Instead, Plaintiff alleges that Wexford is aware of his medical condition, but Wexford has turned a blind eye to his medical needs.

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Wexford is a private corporation. Therefore, Plaintiff must rely upon the United States Supreme Court's holding in

*Monell v. Department of Social Servs. of the City of New York*, 436 U.S. 658, 690-94 (1978), in order to hold Wexford liable under § 1983. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021); *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016). The first element that "a *Monell* plaintiff must show [is] that some municipal [or corporate] action directly caused him to suffer a deprivation of a federal right, and that the municipality took the action with conscious disregard for the known or obvious risk of the deprivation." *Dean*, 18 F.4th at 236. A *Monell* plaintiff must show that municipal or corporate policymakers were aware of the risk created by the custom or practice, and they must have failed to take appropriate steps to protect the plaintiff. *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009).

If a plaintiff can make this showing, the plaintiff may then attempt to impose *Monell* liability upon a municipality or a private corporation under three circumstances: (1) the defendant employs an express policy that causes the Constitutional injury, (2) the defendant has established a widespread practice that is so well settled that it constitutes a custom or usage, or (3) the defendant has final policymaking authority and caused the Constitutional injury. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir.

3

2000). "The critical question under *Monell* . . . is whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it), or if instead the harm resulted from the acts of the entity's agents." *Glisson v. Indiana Dep't of Corrs.*, 849 F.3d 372, 379 (7th Cir. 2017) (*en banc*). Finally, the United States Court of Appeals for the Seventh Circuit has specifically extended liability under *Monell* to a private corporation in the prison context or detention context if the corporation had a policy, custom, or practice that caused a Constitutional violation. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 652-53 (7th Cir. 2021).

Plaintiff's Complaint does not contain any of the factual allegations necessary to hold Wexford liability under *Monell*. Therefore, the Court will not allow Plaintiff to proceed *in forma pauperis* against Wexford.

Nevertheless, the Court is cognizant that courts should (generally) give a *pro se* plaintiff an opportunity to try to amend his Complaint before the Court dismisses his case. *Johnson v. Piontek*, 799 F. App'x 418, 420 (7th Cir. 2020) ("Courts should grant *pro se* litigants leave to amend a complaint at least once, unless it is certain from the face of the complaint that amendment would be

4

futile or otherwise unwarranted."). The Court will afford Plaintiff such an opportunity in this case.

If Plaintiff files a proposed amended complaint, Plaintiff should pay attention to the dictates of this Order and should include facts with which to hold Wexford liable, assuming that Plaintiff intends to proceed against Wexford. If Plaintiff does not comply with this Order or if Plaintiff does not submit a proposed amended complaint timely, the Court will dismiss this case.

**IT IS, THEREFORE, ORDERED:**

1.     **Plaintiff's motion for leave to proceed *in forma pauperis* [5] is DENIED because Plaintiff's Complaint fails to state a claim upon which relief can be granted.**

2.     **Plaintiff is given twenty-one (21) days from the date of this Order to file a proposed amended complaint.**

3.     **If Plaintiff fails to file a proposed amended complaint by this deadline, the Court will dismiss this case.**

4.     **Finally, if Plaintiff decides to file a proposed amended complaint, Plaintiff should also file another motion for leave to proceed *in forma pauperis*.**

Entered this 23rd day of April, 2026

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
