## UNITED STATES DISTRICT COURTS
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| STEVEN C. CRABB, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Case No. 26-4100-SEM-DJQ |
| | ) | |
| WEXFORD HEALTHCARE | ) | |
| SERVICES, | ) | |
|     Defendant. | ) | |

## ORDER

### SUE E. MYERSCOUGH, United States District Judge:

Plaintiff Steven C. Crabb, proceeding *pro se* and currently in custody at Rushville Treatment and Detention Facility, filed an Amended Complaint (#7) on April 29, 2026.[1] The crux of the Amended Complaint is that Defendant, Wexford Healthcare Services, will not allow Plaintiff to have a much-needed hernia surgery. The Court GRANTS Plaintiff's Petition to Proceed In Forma Pauperis (#9). Plaintiff will proceed with a reduced filing fee as determined under the Court's procedure to address filing fees for

---

[1] Leave to file the Amended Complaint (#7) is GRANTED. The Clerk is directed to update the docket to reflect that docket entry #7 is now the operative pleading.

1

impoverished civil detainees. The matter now proceeds to a merit review of Plaintiff's claims.

## BACKGROUND

Plaintiff has suffered prolonged pain from an inguinal hernia since at least 2021. It is Wexford's policy to not have an inguinal hernia repaired unless the hernia is strangulated. Plaintiff alleges that Wexford categorizes the repair of a nonstrangulated hernia as "cosmetic," but Plaintiff refutes this categorization, emphasizing that his condition is causing him great pain. Plaintiff asserts that Wexford, through its policy, is failing to provide constitutionally adequate medical care.

Plaintiff also raises a number of concerns about his treatment by a new nurse practitioner employed by Wexford at Rushville. Namely, Plaintiff claims that this unnamed individual failed to give him a sleep apnea test, was unable to cure his rash, and misread a blood sugar test. Plaintiff "does not feel safe under Wexford's care" and believes that Wexford employees are retaliating against him for filing previous complaints against Wexford.

## Analysis

Courts must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(d)(2). Accordingly, this Court reviews the Amended Complaint before directing service to ensure that a federal claim is stated and that the action is not frivolous or malicious.

The Court accepts Plaintiff's factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

Plaintiff has stated a Fourteenth Amendment claim for objectively unreasonable medical care against Wexford under a *Monell* theory. See *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) ("*Monell* [*v. Department of Social Services,*

3

436 U.S. 658 (1978),] governs Wexford's liability in this case because we, like our sister circuits, treat private corporations acting under color of state law as municipalities."). He alleges that Wexford's broad policy of not providing patients with corrective hernia surgery has led directly to his prolonged pain and suffering. See *Gonzalez v. Feinerman*, 663 F.3d 311, 313 (7th Cir. 2011) (finding allegations of ongoing refusal to authorize hernia surgery sufficient to state a claim under stricter deliberate indifference standard); see also *Reed v. Wexford Health Sources, Inc.*, 2024 WL 1406149, at *1 (S.D. Ill. Apr. 2, 2024) (declining to set aside jury verdict finding Wexford liable for deliberate indifference based on "policy of refusing to authorize surgical repair of abdominal/inguinal hernias unless the hernia was strangulated or incarcerated").

The Court does not read Plaintiff's Amended Complaint as even attempting to bring any other claims. Plaintiff's allegations concerning the unnamed nurse practitioner appear to be included solely to illustrate Plaintiff's distrust of Wexford; in any event, those allegations do not describe conduct rising to the level of objectively

4

unreasonable medical care. Likewise, while Plaintiff states that Wexford employees have retaliated against him, he never describes how they have done so, such that he has not stated any First Amendment claim. See *Iqbal*, 556 U.S. at 678.

**IT IS THEREFORE ORDERED:**

1.    Plaintiff's Motion for Leave to File an Amended Complaint (#7) and Plaintiff's Petition for Leave to Proceed In Forma Pauperis (#9) are GRANTED. The Clerk is directed to update the docket to reflect that docket entry #7 is now the operative pleading.

2.    Pursuant to its review, the Court finds that Plaintiff's Amended Complaint states a claim for objectively unreasonable medical care, in violation of the Fourteenth Amendment, against Defendant Wexford Healthcare Services. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3.    The Clerk is directed to effect service of process on Wexford pursuant to the Court's standard procedures.

4.    This case is now in the process of service. Plaintiff is

advised to wait until counsel has appeared for Defendant before filing any motions in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5.     The Court will attempt service on Defendant by mailing waivers of service to them. Defendant has sixty (60) days from the date the waiver is sent to file an answer. If Defendant has not filed answers or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

6.     Defendant shall file an answer within sixty (60) days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth Defendant's positions. The Court does not rule

on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

7.    This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a Scheduling Order, which will explain the discovery process in more detail.

8.    Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall

arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. If Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

ENTERED June 5, 2026.


s/ *Sue E. Myerscough*
_____
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**

8